Weygandt, C. J.,
dissenting. According to the majority opinion, the situation here involved is controlled by the provisions of the Youngstown charter alone, and the state statutes are of no effect.
That this view is untenable is demonstrated conclusively by the conceded fact that when the vacancy in the office of councilman occurred, it was discovered that the charter is silent as to procedure for filling such a vacancy, and it became necessary to proceed under the statutory provisions of Section 731.43, Revised Code. This was in conformity with the charter provisions that “in the absence of such provisions as to any power, such power shall be exercised in the manner * * # prescribed by the general laws of the state, applicable to municipalities,” and that “except as otherwise provided in this charter, the powers, duties and procedure of the council shall be as provided by the General Code.” (Italics supplied.)
As is the situation with reference to filling vacancies, the charter is silent, too, on the subject of councilmen holding other public office. In other words, there is no charter provision to the effect that a councilman may or may not hold other public office. According to the majority opinion, this silence inferentially creates a conflict between the charter and the statute. If mere silence creates a conflict in this instance, it would seem that silence likewise creates a corresponding conflict in the matter of filling vacancies. Hence, if the statute is controlling in filling vacancies, this should be true as to the subject of holding other public office.
Under the statute the respondent is ineligible to hold the office, and the writ of quo warranto should be allowed.
Hart, J., concurs in the foregoing dissenting opinion.